THE bill was filed by the executors of Colonel Barnard Elliott, to oblige the defendants to pay a debt due by the late Samuel Elliott to George Somers; in which Colonel B. Elliott had been joined as security in the year 1771 j and which debt his representatives had been obliged by suit to pay since the revolutionary 'war.
The defendants admitted the statement in the bill j but insisted that the complainants were not entitled to reimbursement from them, until they had made the representatives of the executors of Samuel Elliott parties to the suit, and endeavored to recover from them. The facts appeared to be, that upon the death of Mr. Samuel Elliott, the testator, in 1777, Colonel B. Elliott himself and Mr. Benjamin Elliott qualified as executors of his will and took possession of his estate. By his will he subjectedjhis estate to the payment of his debts, and devised and bequeathed the remainder among his widow' and three children, Thomas, Benjamin and.Eliza. Col. B. Elliott, died in 1778. The other executor, Benjamin Elliott, continued to act, and divided the estate, soon after the war, among the widow and children, according to their respective proportions, without, as is alleged, having paid all the debts. The executor, Benjamin Elliott, died in 1786. Thomas Elliott, the son of testator, died insolvent. The widow (who was not an executrix,) took a bond and mortgage from her other son Benjamin, and another from Glen Drayton (who had married the daughter Eliza) for the payment of a debt due to her by her son Benjamin, and to pay outstanding debts of her husband, the testator Samuel Elliott. The *30 widow afterwards died, having first bequeathed her proportion of the estate to John Drayton, in trust for her grand children, the children of Mrs. Glen Drayton. ^Benjamin Elliott the son is since dead, nearly or wholly insolvent, and Dr. Lynah, is -his administrator, with a smafi fund in his hands. Glen Drayton is dead insolvent •, but part of the mortgaged negroes remain in the hands of the trustees for his children; and the object of the bill is more particularly to make them liable to reimburse the estate of Col. B. Elliott, the amount of the debt of Samuel Elliott, paid by his executors. The defendants insisted that the representatives of Benjamin Elliott, the executor, should be made pazdies to the suit, and accountable for the estate of that testator ; that ii* was not probable he would have divided the estate, without paying the debts, or reserving funds to pay them ; that it would be very hard on legatees and distributees of an'estate, among whom a division of the estate had been voluntarily made by the executors, to be made accountable to creditors, without their resorting to the executors ; that the legatees were ignorant of the affairs of the estate; they had no vouchers and could not set up the defence of entire or partial payments, or any other defence which executors might do $ that the presumption was the executors had either paid the debts, or had reserved funds to do so, before they made a division : They therefore insisted that though ultimately liable, to the extent of the funds of the estate in their hands, they were entitled to have the executors made parties to the suit, to defend the estate, before they should he compelled to pay the demand, more especially after so great a lapse of time.
After full argument, the Court was of that opinion, and decreed that the complainant be directed to make the representatives of Benjamin Elliott, the executor of Samuel Elliott, defendants in this case | and that the present proceedings be stayed until that is done,* that the representatives of Col. Barnard Elliott, the other ¡executor, being already before the Court (in the chaz’ac- *31 ter of complainants) the enquiry of assets of the eg-tate in his hands, should be made at the same time.
W. L. Smith, solicitor for complainant.
Parker, PiuNgie and Ford, for defendants.